IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

O<small>TIS</small> B<small>ERNARD</small>,

          Plaintiff,

       vs.                                Case No. 09-1247-JTM

K<small>ANSAS</small> H<small>EALTH</small> P<small>OLICY</small> A<small>UTHORITY</small>, E<small>T.</small>
A<small>L.</small>,

          Defendants.

MEMORANDUM AND ORDER

This matter comes to the court on Don Jordan and Andrew Allison's Motions to Dismiss (Dkt. Nos. 52 and 54). Tanis Bernard, the original plaintiff in this case, died on November 25, 2010, and the court granted Otis Bernard's motion to substitute himself as the plaintiff. *See* Dkt. No. 59. Mr. Allison and Mr. Jordan contend Mr. Bernard is not a proper party before the court because his substitution was defective. Further, they contend the section 1983 and Supremacy Clause claims are not survivable or are otherwise insufficient. This court must determine whether the substitution of plaintiff was defective, and whether the court lacks subject matter jurisdiction over the section 1983 and Supremacy Clause claims. Because plaintiff's counsel only represented Ms. Bernard, and because Mr. Bernard is neither a successor nor a representative of her estate, the purported substitution is deficient and ineffective. Additionally, the section 1983 claim does not survive and plaintiff fails to state a Supremacy Clause claim.

**I. Factual Background**

The underlying facts of this dispute were outlined in the court's previous Memorandum and Order (Dkt. No. 47) and are incorporated herein. Previously, the court dismissed all claims against the Social and Rehabilitation Services and the Kansas Health Policy Authority. Andrew Allison and Don Jordan are the remaining defendants. At the April 22, 2011, status conference, the defendants learned that the plaintiff, Tanis Bernard, died on November 25, 2010. Chief Magistrate Judge Karen M. Humphreys directed plaintiff's counsel to file a suggestion of death by April 29, and set the dispositive motion deadline to May 27. Plaintiff's counsel did not file a "Statement of Death" (Dkt. No. 56) until June 22. The next day he filed a Motion for Substitution of Party (Dkt. No. 57) as "Attorney for the Plaintiff" to substitute Otis Bernard as the plaintiff in this case contending Mr. Bernard "is the Attorney-in-fact and lawful successor of Tanis Bernard." Dkt. No. 57, pg. 1. Plaintiff's counsel has not indicated he filed any motions on behalf of Tanis Bernard's estate, or that he is acting as an attorney for her estate. To preserve their rights, defendants filed the pending motions to dismiss before the motion deadline.

**II. Legal Standards**

*A. 12(b)(1)*

Rule 12(b)(1) motions are generally facial or factual attacks on a court's subject matter jurisdiction over the allegations in the complaint. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Under a facial challenge, the court considers the factual allegations pled in the complaint as true. *Id.* Because federal courts are courts of limited jurisdiction, they must exercise jurisdiction only when specifically authorized to do so. *Castenda v. INS*, 23 F.3d 1576, 1580 (10th

Cir. 1994). If the court finds subject matter jurisdiction is lacking it must dismiss the plaintiff's complaint. *Bushnell, Inc. v. Brunton Co.*, 659 F. Supp.2d 1150, 1157 (D. Kan. 2011) (citing *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F. Supp. 279, 280 (D. Kan. 1995)). "If defendants challenge federal jurisdiction, plaintiffs bear the burden of showing jurisdiction is proper." *Id.* (citing *Jensen v. Johnson County Youth Baseball League*, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993)). Conclusory allegations are insufficient. *Id.*

*B. 12(b)(6)*

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). This simplified notice pleading rule is justified because of the liberal discovery rules and availability of summary judgment to dispose of unmeritorious claims. *Id.*

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Corder v. Lewis Palmer Sch. Dist No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (clarifying and affirming *Twombly's* probability standard). Allegations that raise the specter of mere speculation are not enough. *Corder*, 566 F.3d at 1223-24. The court must assume that all allegations in the complaint are true. *Iqbal*, 129 S. Ct. at 1936-37. "The issue in resolving a

motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'" *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2 (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511). The Tenth Circuit utilizes a two-step process when analyzing a motion to dismiss. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). First, the court must identify conclusory allegations not entitled to the assumption of truth. *Id.* Second, the court must determine whether the remaining factual allegations plausibly suggest the plaintiff is entitled to relief. *Id.*

**III. Legal Conclusions**

   *A. Mr. Bernard Is Not the Proper Plaintiff*

Defendants argue the substitution of plaintiffs in this case was deficient because it was signed and filed on behalf of Ms. Bernard, the deceased plaintiff, rather than on behalf of her estate. The defendants have cited a case from this District addressing precisely this issue.

In *Kasting v. American Family Mutual Insurance Company*, the plaintiff husband died during the pendency of the suit and his wife, who had not been appointed his legal representative, filed a motion to substitute as the plaintiff through the husband's attorney. 196 F.R.D. 595, 596-97 (D. Kan. 2000). The magistrate judge granted the motion. *Id.* The defendant filed an objection and for reconsideration of that order arguing that no administrator of plaintiff's estate had been appointed. *Id.* at 597. Plaintiff's original attorney filed a renewed motion for substitution showing that the wife had been appointed administratrix of the estate two months after she was substituted as the plaintiff. *Id.* Counsel also filed a motion stating that the wife "wishes to adopt the previous pleadings filed by counsel for the plaintiff since her husband's death." *Id.* Upon consideration of the renewed

4

substitution motion, the magistrate judge determined that counsel for the deceased plaintiff lacked authority to file motions on behalf of the plaintiff after his death. *Id.* The district court, on review of the magistrate's report and recommendation, agreed and held:

> The magistrate's ruling that the motion to substitute was procedurally deficient was based upon the fact that once a plaintiff dies, he is no longer a party to the case, and any motions filed on his behalf are tantamount to no motion at all. "[T]he attorney for the deceased party . . . is not himself a party to the action and, since his authority to represent the deceased terminated on the death, he is not a 'representative of the deceased party' of the sort contemplated by the rule." 7C CHARLES ALAN WRIGHT & ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE, CIVIL § 1955, at 545. *See Fariss v. Lynchburg Foundry*, 769 F.2d 958 (4th Cir. 1985). *Fehrenbacher v. Quackenbush*, 759 F. Supp. 1516 (D. Kan. 1991). *See Hilsabeck v. Lane Company, Inc.*, 168 F.R.D. 313, 314-315 (D. Kan. 1996). "The attorney-client relationship is one of agency and terminates upon the client's death. *State v. Dickens*, 214 Kan. 98, 102, 519 P.2d 750 (1974)." *Hilsabeck*, 168 F.R.D. at 315. The rule plainly requires that a motion to substitute be made "by any party or by the successors or representatives of the deceased party." FED. R. CIV. P. 25(a)(1). Turner, at the time he made the motion to substitute, was neither a party, nor a successor or representative of the deceased party, nor did he act on behalf of anyone other than the deceased plaintiff. Under these circumstances, no error appears in the magistrate's determination that the motion to substitute was deficient and should be denied.

*Id.* at 598.

The statutory provision governing substitution of parties provides:

> **(a) Death.**
>     **(1) Substitution if the Claim is Not Extinguished**. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>     **(2) Continuation Among the Remaining Parties.** After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.

FED. R. CIV. P. 25(a)(1)-(2). First, as the Rule explicitly states, the motion must be made "by the

decedent's successor or representative." *Id.* The issue here is whether Ms. Bernard's counsel or Mr. Bernard qualify as a "successor or representative" of Ms. Bernard. This is determined by looking at Kansas's substantive law. The Kansas Court of Appeals has held that a spouse cannot be substituted under Kan. Stat. Ann. § 60-225(a)(1) simply because that person is a spouse. *Ney v. City of Hoisington*, 2010 WL 4977143, at *3 (Kan. Ct. App. 2010). Rather, a potential substitute party must show he or she is the successor or representative of the deceased plaintiff's estate. *See id.* "[L]ongstanding Kansas cases have repeatedly held that a claim of a decedent survives to his personal representative." *Id.*

Here, Ms. Bernard's counsel represented her until the attorney-client relationship ended with her death. No facts suggest he represented or currently represents her estate. Ms. Bernard's counsel also represents Mr. Bernard. Yet Mr. Bernard, like his counsel, has not been appointed a representative or administrator of Ms. Bernard's estate, and nothing before the court indicates he is her "successor or representative." Thus, because counsel only represented the deceased plaintiff, and Mr. Bernard is neither a successor nor a representative of the estate, the purported substitution is deficient and ineffective. *See Kasting*, 196 F.R.D. at 598; *Ney*, 2010 WL 4977143, at *3. As such, Mr. Allison and Mr. Jordan's motions to dismiss may be granted on this ground alone. Nevertheless, this court will examine defendants' remaining arguments.

*B. Survival of the Section 1983 Claim*

Even if Mr. Bernard were a proper plaintiff, the defendants argue that the § 1983 claim does not survive Ms. Bernard's death. The survival of § 1983 actions is determined by state law as long as it is "not inconsistent with the Constitution and laws of the United States." *Robertson v.*

*Wegmann*, 436 U.S. 584, 588-90 (1978); *see also* 42 U.S.C. § 1988(a) (providing "in all cases where [federal laws] are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause.") (alterations added). Thus, the court must turn to the Kansas survival statutes. Kan. Stat. Ann. § 60-1801 provides:

> In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to real or personal estate, or for any deceit or fraud, or for death by wrongful act or omission, shall also survive; and the action may be brought notwithstanding the death of the person entitled or liable to the same.

Section 60-1802 provides that "[n]o action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander, malicious prosecution, or for a nuisance." The Kansas Supreme Court has held that the two statutes are distinct—§ 1801 determines whether a cause of action survives the death of a party and § 1802 provides the procedure for the continuation of an action by substitution that does survive a party's death. *Gross v. VanLerberg*, 231 Kan. 401, 404, 646 P.2d 471, 474 (1982).

Both the Tenth Circuit and this court have held that § 1983 death actions survive and are properly asserted as survival actions by the estate of the deceased. *See Berry v. City of Muskogee, Okla.*, 900 F.2d 1489, 1506-07 (10th Cir. 1990); *Payne v. McKune*, No. 06-3010, 2007 WL 1019193, at *2 (D. Kan. Apr. 4, 2007); *see also Carter v. City of Emporia, Kan.*, 543 F. Supp. 354, 356 (D. Kan. 1982). Plaintiff's Complaint alleges defendants violated § 1983 by determining that Ms.

7

Bernard was ineligible for Medicaid. Section 1801 does not specifically address survivability of this particular § 1983 claim, and the Kansas appellate courts have not ruled on this issue. This court must determine whether plaintiff's § 1983 claim falls within the provisions of § 1801. The Kansas courts have provided some guidance to interpreting § 1801.

First, the Kansas Supreme Court and this court have noted that causes of action, which are not granted survivability in the explicit language of § 1801 or any other provision of the Kansas Code, do not survive by virtue of omission. *See, e.g.*, *Gross*, 231 Kan. at 406-07, 646 P.2d at 475; *Nicholas v. Nicholas*, 277 Kan. 171, 188-89, 83 P.3d 214, 226 (2004); *Lowe v. Experian*, 340 F. Supp.2d 1170, 1176-77 (D. Kan. 2004) (holding that the Kansas Fair Credit Reporting Act does not contain a provision for survivability of claims brought under the Act, and that the claim did not fall under § 1801's explicit terms). And Kansas has been loathe to broaden the causes of action covered under § 1801. In *Nicholas*, the Kansas Supreme Court addressed whether the words "an injury to the person" contemplated a cause of action for invasion of privacy. 277 Kan. at 189, 83 P.3d at 227. The court stated that an action for invasion of privacy is personal in nature and must be brought by the person subject to the invasion of privacy. *Id.* at 191, 83 P.3d at 227-28. The court further stated that "'[t]he general rule that an action for invasion of privacy may be brought only by the person who was the actual subject of the invasion of privacy, and not by other persons such as members of his or her family, applies in cases where the subject is deceased.'" *Id.* at 191, 83 P.3d at 228 (quoting 62A AM. JUR.2D, PRIVACY § 21, p. 651). With those premises in mind, the court reasoned that a cause of action for invasion of privacy is so personal that it does not survive the death of the party asserting the claim. *Id.* at 192, 83 P.3d at 228.

Additionally, the phrase "causes of action which survive at common law" is narrow. In *Lowe*,

8

this court stated that the phrase encapsulated only most contract actions, and tort actions that resulted in property loss rather than an injury to the person alone. 340 F. Supp.2d at 1174-75.

Here, plaintiff's § 1983 count is based on Kansas denying her Medicaid eligibility. Neither 42 U.S.C. § 1983 nor Kan. Stat. Ann. § 60-1801 expressly provide for survival of this type of claim. This fact alone cautions against recognizing survivability in this instance. And it is clear that the common law did not recognize this claim, which is a creation of 19th and 20th century statutory provisions. Nor does plaintiff's § 1983 claim fall under the language "injury to the person" because this type of claim contemplates that the plaintiff suffer a physical injury. *See Lowe*, 340 F. Supp.2d at 1174; *see also Nicholas*, 277 Kan. at 189-91, 83 P.3d at 227-28; *Bonura v. Sifers*, 39 Kan. App.2d 617, 629, 181 P.3d 1277, 1285 (Kan. Ct. App. 2008) (holding medical malpractice claim survived under § 1801). Plaintiff's cause of action is not one for mesne profits, or for injury to real or personal estate, or for any deceit or fraud, or for death by wrongful act or omission. Therefore, the § 1983 cause of action for reinstatement of Medicaid did not survive Ms. Bernard's death.

*C. The Supremacy Clause Claim*

First, defendants argue plaintiff's Supremacy Clause claim must fail because (1) the plaintiff lacks standing to bring such a claim, (2) it is based on a personal right no different from the § 1983 claim, and (3) the Supremacy Clause does not give plaintiff and implied or explicit cause of action. However, the Tenth Circuit has held that a plaintiff may proceed on a Supremacy Clause claim in the absence of another statute providing a preemption claim. *See The Wilderness Soc. v. Kane County, Utah*, 632 F.3d 1162, 1169 (10th Cir. 2011); *see also Qwest Corp. v. City of Sante Fe*, 380 F.3d 1258, 1266 (10th Cir. 2004) ("A party may bring a claim under the Supremacy Clause that a

local enactment is preempted even if the federal law at issue does not create a private right of action."). And under the *Ex Parte Young* doctrine and its progeny, the Supremacy Clause creates a private cause of action for injunctive relief against state officers who are threatening to violate the Constitution or federal laws. *See Local No. 85, Am. Fed. of Gov. Employees v. City of Leavenworth, Kan.*, No. Civ.A. 05-2130, 2006 WL 1007265, at *3 (D. Kan. Apr. 17, 2006); *see also Burgio & Campofelice, Inc. v. New York State Dept of Labor*, 107 F.3d 1000, 1006 (2d Cir. 1997).

Regardless, plaintiff has failed to state a claim upon which relief may be granted. The problem with plaintiff's Supremacy Clause claim is that he has not identified a specific federal law or federal right with which the defendants' actions allegedly conflict. Rather he generally states that defendants "violated and are violating the Supremacy Clause of the United States Constitution by determining that Plaintiff is ineligible for Medicaid under Kansas laws pertaining to annuities that are in direct conflict with the Federal laws pertaining to annuities or serve as an obstacle to the accomplishment of the purposes and objectives of those Federal laws." Dkt. No. 48, pg. 8. Based on these general allegations only, plaintiff has failed to state a claim for relief under the Supremacy Clause.

### D. Alleging Counts Against Dismissed Defendants and Amending the Complaint

Last, Mr. Allison and Mr. Jordan argue that the § 1983 Count and Supremacy Clause Count are defective because they are not specifically named as defendants in those Counts. Plaintiff's Amended Complaint (Dkt. No. 48) alleges only that "Defendants KHPA and SRS have violated and are violating" § 1983 and the Supremacy Clause. Both the KHPA and the SRS have been dismissed from this case. *See* Dkt. No. 47. The plaintiff recognizes this error and has moved to amend the

Complaint to name Mr. Allison and Mr. Jordan as defendants in these Counts. Because, as noted above, Mr. Bernard is not the proper plaintiff to prosecute this case and the § 1983 claim does not survive Ms. Bernard's death, allowing Mr. Bernard leave to amend would be futile. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (stating "the district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint"). And plaintiff's proposed amendment would not cure the defect in his Supremacy Clause Count. Thus, his Motion for Leave to File Second Amended Complaint (Dkt. No. 61) is denied.

IT IS ACCORDINGLY ORDERED this 20th day of March 2012, that Don Jordan and Andrew Allison's Motions to Dismiss (Dkt. Nos. 52 and 54) are granted.

IT IS FURTHER ORDERED that plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. No. 61) is denied.

>     s/ J. Thomas Marten
>     J. THOMAS MARTEN, JUDGE